UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LOUIS: JOHNSON-EL,

        Plaintiff,                No. 06-CV-11514-DT

vs.                                       Hon. Gerald E. Rosen

STATE OF MICHIGAN
DEPARTMENT OF LAND DNR and
WAYNE COUNTY REGISTER OF
DEEDS, et al.,

        Defendants.
_____/

ORDER DISMISSING CASE
FOR FAILURE TO STATE A CLAIM

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on     June 27, 2006

        PRESENT: Honorable Gerald E. Rosen
                            United States District Judge

Plaintiff James Louis: Johnson-El, acting *pro se*, filed his Complaint in this action complaining about the tax foreclosure sale of real property he owned in the City of Detroit. Johnson-El's theory is that because he allegedly updated a federal land patent that apparently appeared in his chain of title to the property[1] by having published in some

---

[1] No objective documentation has been provided to the Court of this alleged land patent or Johnson-El's *sua sponte* attempt to "update" the land patent. Nothwithstanding the lack of such objective evidence, for the reasons discussed below, there appears to be no legal basis for the claims made by Plaintiff concerning the effect of either the land patent or publishing public notice of it.

newspaper "notice" of the land patent, he could not be held liable for taxes on the property and as a consequence, no governmental entity was entitled to foreclose on the property or sell it to recover back taxes due on the property.

Based on his alleged "updated" land patent, Plaintiff contends that Wayne County, the City of Detroit, and/or the State of Michigan unlawfully sold the property at a tax foreclosure sale pursuant to a Wayne County Circuit Court Judgment obtained in April 2005.  He, therefore, seeks to recover in this "quiet title" action $100,000,000,000.00 in damages from these governmental entities, a number of governmental officials, and the alleged purchasers of the property.  He also seeks declaratory and injunctive relief directing that he be taken off of the tax rolls.

On May 16, 2006, this Court entered an Order to Show Cause directing Plaintiff to shcw cause in writing why his complaint should not be dismissed for failure to state a claim.  In the Order to Show Cause the Court explained the legal effect of a federal land patent and how a land patent does not excuse the property owner from payment of state, local or federal taxes.

Plaintiff filed a response to the Show Cause Order on June 19, 2006.  However, that response fails to address, let alone cure, the legal insufficiencies in his claim pointed out by the Court in the May 16 Order.  Having failed to cure the legal insufficiencies in his Complaint,

For the reasons stated above and for the further reasons stated in the Court's May 16, 2006 Order to Show Cause,

IT IS HEREBY ORDERED that Plaintiff's Complaint be, and hereby is,

DISMISSED in its entirety, with prejudice.

                s/Gerald E. Rosen
                Gerald E. Rosen
                United States District Judge

Dated:  June 27, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 27, 2006, by electronic and/or ordinary mail.

                s/LaShawn R. Saulsberry
                Case Manager