UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMES LOUIS: JOHNSON-EL,

        Plaintiff,                    No. 06-CV-11514-DT

vs.                                     Hon. Gerald E. Rosen

STATE OF MICHIGAN
DEPARTMENT OF LAND DNR and
WAYNE COUNTY REGISTER OF
DEEDS, et al.,

        Defendants.
_____/

ORDER DENYING MOTION FOR RECONSIDERATION AND
FOR DISQUALIFICATION

        At a session of said Court, held in
        the U.S. Courthouse, Detroit, Michigan
        on   August 2, 2006

        PRESENT: Honorable Gerald E. Rosen
                           United States District Judge

On June 27, 2006, this Court entered an Order and Judgment dismissing Plaintiff's *pro se* Complaint for failure to state a claim upon which relief may be granted. Johnson-El now seeks, in another rambling, disjointed 50-page pleading, reconsideration of that Order and Judgment and further seeks the recusal of this Court.

        Plaintiff's Motion for Reconsideration is untimely. As set forth in Eastern District Local Rule 7.1(h)(1), motions for reconsideration must be filed within 10 days of the date of entry of the Order or Judgment at issue. Plaintiff's Motion was filed 34 days after the date of entry of the Order and Judgment of Dismissal.

Moreover, even if it were timely filed, Plaintiff's Motion does not meet the substantive requirements of Local Rule 7.1.

The grounds for the granting of motions for reconsideration are set forth in Eastern District of Michigan Local Court Rule7.1(h)(3):

> **(h)  Motions to Alter or Amend a Judgment or for Rehearing or Reconsideration.**
>
> (3)  **Grounds**. Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted. The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

The Court has reviewed Plaintiff's motion for reconsideration and finds that Plaintiff has merely presented the same issues already ruled upon by the Court in its June 27, 2006 Order and Judgment, either expressly or by reasonable implication.  Further, Plaintiff has not demonstrated a palpable defect by which the Court and the parties have been misled.  Therefore, Plaintiff's Motion for Reconsideration will be denied.

Turning next to Plaintiff's request for the disqualification of this Court, 28 U.S.C. § 455 provides, in pertinent part:

> (a)  Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Recusal motions brought under Section 455 are matters committed to the sound discretion of the assigned district judge.  *Green v. Nevers*, 111 F.3d 1295, 1303-1304 (6th Cir. 1997); *In re M. Ibrahim Khan, P.S.C.*, 751 F.2d 162, 165 (6th Cir. 1984); *Kelley v.*

*Metropolitan County Board of Education*, 479 F.2d 810, 811 (6th Cir. 1973).  With respect to the substantive requirements for disqualification, the Sixth Circuit has explicitly determined that disqualification under § 455(a) must be predicated <u>upon extrajudicial conduct rather than judicial conduct</u>, and that allegations of bias "must be a personal bias as distinguished from a judicial one, arising out of the judge's background and association and **not** from the judge's view of the law." *Green v. Nevers, supra; Easley v. University of Michigan Board of Regents*, 853 F.2d 1351, 1355-1356 (6th Cir. 1988).

The court clarified the meaning of "personal" bias in *Parker v. Sill,* 989 F.2d 500, 1993 U.S. App. LEXIS 6922 (6th Cir. 1993): "To be disqualifying the alleged bias of the judge must stem from an extrajudicial source and result in an opinion on the merits <u>on some basis other than what the judge learned from his participation in the case</u>." *Id*.  *See also*, *United States v. Hatchett*, 978 F.2d 1259, 1992 U.S. App. LEXIS 27169 (6th Cir. 1992):  "Personal bias is prejudice <u>other than participation in the proceedings</u>. . . ." *Id.*

In assessing whether such personal bias exists to warrant disqualification, the Sixth Circuit standard is that a district judge is required to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Wheeler v. Southland Corp*., 875 F.2d 1246, 1251 (6th Cir. 1989).  This standard is an objective one, and "is not based on the subjective view of a party." *Id*.  However, a judge's decisions are not biased just because the judge has a particular point of view on the law. *Parchman v. U.S. Dep't of Agriculture*, 852 F.2d

858, 866 (6th Cir. 1988).

Other than spouting a series of racial and ethnic epithets against the judges of this Court, Johnson-El's allegations of bias/prejudice deal only with the Court's judicial rulings. There are no facts to objectively establish such personal bias emanating from a source outside of the judicial process.

For the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Reconsideration and his Motion for Disqualification of this Court are DENIED.

                                              s/ Gerald E. Rosen
                                                 Gerald E. Rosen
                                          United States District Judge